IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT STAYER,

                Petitioner,                    No. 2:11-cv-1170 KJN P

        vs.

A. HEDGEPETH, Warden,

                Respondent.            ORDER

_____/

I.  Introduction

        Petitioner is a state prisoner, proceeding without counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Both parties consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  Before the court is respondent's motion to dismiss the pending habeas petition as barred by the statute of limitations.  For the reasons set forth below, the undersigned finds that respondent's motion to dismiss should be granted.

II.  Statutory Filing Deadlines

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted.  Section 2244(d)(1) of Title 8 of the United States Code provides:

        A 1-year period of limitation shall apply to an application for a writ

of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  Petitioner was convicted on September 8, 2006, of murder, torture, conspiracy to torture, kidnapping, and destruction of evidence, with special aggravating circumstances. (Dkt. No. 13 at 15.)  Petitioner was sentenced to life without the possibility of parole.  (Dkt. No. 1 at 1.)

2.  Petitioner filed a timely appeal of the conviction.  On June 13, 2008, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment.  (Dkt. No. 13 at 15.)

3.  On July 15, 2008, petitioner filed a petition for review in the California Supreme Court, which was denied without comment on September 24, 2008.  (Dkt. No. 13 at

29.)

4.  On September 14, 2009,[1] petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (Dkt. No. 13 at 33-34.)  The California Supreme Court denied the petition without comment on March 18, 2010.  (Dkt. No. 13 at 36.)

5.  Pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the instant action was constructively filed on February 21, 2011.  (Dkt. No. 1.)

The California Supreme Court denied the petition for review on September 24, 2008.  Petitioner's conviction became final ninety days later, on December 23, 2008, when the time for seeking certiorari with the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999).  The AEDPA statute of limitations period began to run the following day, on December 24, 2008.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Absent tolling, petitioner's last day to file his federal petition was on December 24, 2009.

Petitioner is not entitled to interval tolling from the date when his conviction became final until when he filed any state habeas petition.  Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("tolling begins when the state habeas petition is filed.")  Petitioner did not file his state petition until September 14, 2009.  Because petitioner is not entitled to tolling for the time no petition was pending from December 24, 2008, to September 13, 2009, 263 days of the limitations period expired, and 102 days remained.

Petitioner is entitled to tolling during the pendency of his first state petition.  Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).  Thus, the statute of limitations period was tolled from September 14, 2009, until March 18, 2010.  Because of this tolling, 102 days remained in the limitations period.  Petitioner filed no other collateral petitions in state court, so no additional tolling is available.  Therefore, the statute of limitations period expired on June 28, 2010, which

---

[1]  The certificate of service reflects petitioner mailed the petition on September 14, 2009.  See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

1   was 102 days after March 18, 2010.

2          Petitioner filed the instant action on February 21, 2011, over seven months after

3   the limitations period expired.  Accordingly, this action is time-barred unless petitioner can

4   demonstrate he is entitled to equitable tolling.

5   III.  Equitable Tolling

6          Neither party addressed the issue of equitable tolling.

7          In Holland v. Florida, 130 S. Ct. 2549, 2560, 2562, 2564 (2010), the Supreme

8   Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons"

9   when the petitioner has made a showing of "extraordinary circumstances."  Id.  To be entitled to

10  equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently,

11  and (2) that some extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418.  It is

12  petitioner's burden to show that he is entitled to equitable tolling.  Espinoza-Matthews v. People

13  of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).  "The high threshold of

14  extraordinary circumstances is necessary lest the exceptions swallow the rule."  Lakey v.

15  Hickman, 633 F.3d 782, 786 (9th Cir. 2011) (citations and internal quotation marks omitted).

16         Petitioner filed the instant petition over seven months beyond the date the statute

17  of limitations period expired.  Petitioner has failed to allege any facts demonstrating that he is

18  entitled to equitable tolling.  (Dkt. No. 17.)

19  IV.  Conclusion

20         In accordance with the above, IT IS HEREBY ORDERED that:

21         1.  Respondent's June 9, 2011 motion to dismiss (dkt. no. 13) is granted; and

22         2.  The court declines to issue the certificate of appealability referenced in 28

23  U.S.C. § 2253.

24  DATED:  November 14, 2011

25  _____
    KENDALL J. NEWMAN
26  UNITED STATES MAGISTRATE JUDGE

4